IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Respondent,

    v.

JEREMIAH MANGHAN,

    Petitioner.

Criminal No. 2:11-CR-00045
**ELECTRONICALLY FILED**

# MEMORANDUM ORDER RE: PETITIONER'S MOTION TO COMPEL (Doc. No. 1332)

Presently before this Court is Jeremiah Manghan's ("Petitioner's") *pro se* Motion to Compel in which Petitioner moves this Court to order his trial counsel to provide him with all of his case files in order that he may timely prepare and file a Title 28 U.S.C. § 2255 Motion to Vacate. Doc. No. 1332.

In 2011, Petitioner was indicted in a drug conspiracy. Doc. No. 1. On October 18, 2012, Petitioner appeared before this Court and, pursuant to a plea agreement, entered a plea of guilty to a lesser-included offense at Count 1 of the Superseding Indictment. Doc. No. 1090. The Petitioner was sentenced on February 8, 2013, after pleading guilty to the lesser included offense at 21 U.S.C. § 846, "conspiracy to distribute and possess with intent to distribute at least 100 grams but less than 1 kilogram of a mixture of heroin," to a determinate sentence of 170 months (a variance from the applicable advisory guideline range of 210 to 262 months). Doc. No. 1240.

Petitioner's plea agreement contained a binding waiver of appeal provisions except for certain exceptions which do not apply. The record reflects that Petitioner was made aware and acknowledged that he was waiving his right to appeal. "Mr. Manghan waives the right to take a direct appeal from his conviction or sentence under Title 28, United States Code, Section 1291 or

Title 18, United States Code section 3742." Doc. No. 1290, pg. 23. "Mr. Manghan further waives the right to file a motion to vacate sentence under Title 28, United States Code, Section 2255 attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence." Doc. No. 1290, pg. 23. Therefore, because Petitioner waived his right to appeal his conviction except in three specific situations do not apply, the Court will not compel Petitioner's trial counsel to provide documents to prepare for an appeal that cannot occur.

This appellate waiver was enforced by the United States Court of Appeals for the Third Circuit after Petitioner filed a previous Notice of Appeal (Mandate affirming District Court judgment enclosed).

And NOW, this 15th day of November 2013, IT IS HERBY ORDERED THAT Petitioner's Motion to Compel (Doc. No. 1332) is **DENIED**.

/s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties