IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEREMIAH MANGHAN,

    Defendant.

Criminal No. 11-0045-001
**ELECTRONICALLY FILED**

## MEMORANDUM ORDER OF COURT RE: DEFENDANT'S *PRO SE* MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (DOC. NO. 1371)

In early 2011, Defendant, along with 24 others, was indicted for his alleged role in a heroin distribution ring. Doc. Nos. 1 and 273. Defendant was charged at Counts 1, 3, 16, 19, and 20. On October 18, 2012, Defendant pled guilty to a lesser included offense at Count I pursuant to a plea agreement that contained binding waiver of appellate rights provisions. Doc. No. 1090. Defendant was sentenced by this Court to a 170 month term of imprisonment to be followed by a 4 year term of supervised release. Doc. No. 1240. The sentence imposed was substantially less than the advisory guideline range of 210 to 262 months imprisonment. Doc. No. 1184.

Presently before this Court is *Pro Se* Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Doc. No. 1371. Defendant assails the sentence imposed because of alleged inadequacies in wiretap evidence, his counsel's allegedly insufficient explanation of appellate rights and the consequences of waiving that right, his counsel's alleged failure to present argument as to the amount of drugs attributable

to Defendant, and this Court's allegedly improper consideration of a juvenile conviction. The Government opposes this Motion. Doc. No. 1372. Defendant's Motion must be denied because he knowingly waived his right to appeal his sentence except in certain inapplicable instances.

The Court discussed Defendant's waiver of his appellate rights in its November 15, 2013 Memorandum Opinion Denying *Pro Se* Plaintiff's Motion to Compel:

> Petitioner's plea agreement contained a binding waiver of appeal provisions except for certain exceptions which do not apply. The record reflects that Petitioner was made aware and acknowledged that he was waiving his right to appeal. "Mr. Manghan waives the right to take a direct appeal from his conviction or sentence under Title 28, United States Code, Section 1291 or Title 18, United States Code section 3742." Doc. No. 1290, pg. 23. "Mr. Manghan further waives the right to file a motion to vacate sentence under Title 28, United States Code, Section 2255 attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence." Doc. No. 1290, pg. 23. Therefore, because Petitioner waived his right to appeal his conviction except in three specific situations [that] do not apply, the Court will not compel Petitioner's trial counsel to provide documents to prepare for an appeal that cannot occur.
>
> This appellate waiver was enforced by the United States Court of Appeals for the Third Circuit after Petitioner filed a previous Notice of Appeal (Mandate affirming District Court judgment enclosed).

Nothing in Defendant's current Motion, including his former counsel's affidavit in which he states that he does not "specifically recall" discussing the nature of habeas corpus petitions, affects the Court's inability to consider this Motion. As noted by the Government, the Court thoroughly explained the rights Defendant would waive by pleading guilty and informed Defendant that he should inform the Court if he did not understand any of the points discussed or

2

if he wished to speak with his attorney at any point. Defendant did not avail himself of either of these protections. Defendant answered affirmatively on several occasions that he understood the consequences of changing his plea, including the waiver of associated rights, and proceeded to pled guilty. Therefore, Defendant does not have the right to file the present motion even if Defense Counsel did not specifically define petitions for writ of habeas corpus. As previously noted, the United States Court of Appeals for the Third Circuit enforced this waiver and summarily dismissed Defendant's direct appeal from his sentence because of the appellate waiver. Doc. No. 1329.

AND NOW, this 15th day of September, 2014, IT IS HEREBY ORDERED THAT *Pro Se* Defendant's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. No. 1371) is DENIED.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All Registered ECF Counsel and Parties

Jeremiah Manghan
FCI Cumberland
PO Box 1000
Cumberland, MD 21501